IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03-0679 |
| | ) |
| JO ANNE B. BARNHART, | ) Judge Nixon |
| Commissioner of Social Security, | ) Magistrate Judge Knowles |
| | ) |
| Defendant. | ) |

## ORDER

This case was referred to United States Magistrate Judge E. Clifton Knowles pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, Plaintiff Carolyn A. Campbell filed a Motion for Judgment on the Administrative Record (Doc. No. 13), to which Defendant responded in opposition (Doc. No. 22). Magistrate Judge Knowles filed a thorough and thoughtful 45-page Report and Recommendation ("Report") on April 18, 2006 recommending that Plaintiff's motion be denied, and the findings of the Commissioner be affirmed. (Doc. No. 34.) Plaintiff filed timely objections to the Magistrate Judge's Report (Doc. No. 35).

The Court has reviewed de novo the entire record and the pleadings, including those portions of the Report to which Plaintiff objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court notes, as did the Magistrate Judge, that Plaintiff is proceeding pro se, and that her objections should be construed liberally. (Doc. No. 34 at 35 (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982).) In her objections, Plaintiff states: "I am asking the judge to make a different decision on my social security case . . . ." (Doc. No. 35 at 1.) Plaintiff does not cite any error in the Magistrate Judge's opinion, but instead argues that she received an unfavorable decision at the administrative level as a result of following her counsel's advice. (Id.) She continues in this vein and suggests that her counsel did not permit her to submit certain

documents that would assist her case. (Id.) Plaintiff made these same arguments to the Magistrate Judge, who allowed her to supplement the record with documents she believed were not submitted to the Administrative Law Judge ("ALJ"). (Doc. Nos. 18, 24, 25.) In addition, Plaintiff argued to the Magistrate Judge that the ALJ erred by stating that she could perform a significant number of jobs. (Doc. No. 34 at 44.) The Magistrate Judge interpreted Plaintiff's Motion for Judgment on the Administrative Record as requesting a reversal and remand of the Commissioner's decision pursuant to Sentence four of § 405(g) to consider the new evidence and reconsider the number of jobs she could perform. (Id. at 35-44.) Although the Plaintiff does not cite to any specific errors in the Magistrate Judge's opinion, the Court believes Plaintiff objects to the Magistrate Judge's entire ruling.

Turning to Plaintiff's argument that the additional documents she submitted warrant reversal and remand. First, the Magistrate Judge correctly noted that more than half of Plaintiff's additional documents were already present in the record at the administrative level and considered by the ALJ. (Doc. No. 34 at 43.) Second, the Magistrate Judge correctly concluded that the additional documents were not "material," as they related to a period prior to the alleged onset of disability and there was no reasonable probability that these documents would have changed the ALJ's disposition. (Id. at 36-42.) Plaintiff also did not show "good cause" for failing to provide the documents to the ALJ. (Id. at 43.) The Magistrate Judge found that good cause did not exist because many of the documents were already presented and considered by the ALJ and the Plaintiff testified that her record was complete. (Id.) This Court agrees with the Magistrate Judge's conclusion and would also note that Plaintiff was represented by counsel at the administrative hearing, who arranged for consultative examinations (see AR 19, 22), and wrote a letter brief to the ALJ after the hearing further explaining the medical evidence and

objecting to the Vocational Expert's conclusions (see Letter to ALJ Cherry from Plaintiff's Attorney David Ettinger, dated June 18, 2002, attached to Doc. No. 18). Counsel's attempts to secure a favorable decision underscores the fact that Plaintiff lacks good cause for failing to submit these documents earlier, and casts doubt on Plaintiff's current complaint that she received incorrect advice from her counsel.

With regard to Plaintiff's argument that the ALJ erred in stating that she could perform a significant number of jobs, the Court agrees with the Magistrate Judge's conclusion that there is substantial evidence in the record to support the ALJ's decision. As the "ALJ's decision was properly supported by 'substantial evidence,' the ALJ's decision . . . must stand." (Doc. No. 34 at 44.)

In sum, the Court finds Plaintiff's objections to be without merit and therefore OVERRULES those objections. The Court finds that the Magistrate reached the correct conclusions in his Report and therefore ACCEPTS AND ADOPTS it in its entirety. For the reasons set forth in the Magistrate Judge's Report and this Order, the Court AFFIRMS the Commissioner's judgment. This Order terminates this Court's jurisdiction over the above-styled action, and the case is dismissed.

It is so **ORDERED**.

Entered this the _____5_____ day of May, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT